UNITED STATES of America,
Plaintiff—Appellant,

v.

Christine Marie MALCOLM, aka
Christine Marie Malcom,
Defendant—Appellee.

No. 01–10465.
D.C. No. CR–00–00983–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided June 19, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM *

Christine Marie Malcolm was indicted for possession with intent to distribute approximately 325 pounds of marijuana in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B). Malcolm entered a guilty plea to the charge, and the district court sentenced her to twelve months and one day of imprisonment, followed by 60 months of supervised released. The United States appeals the sentence. The government assigns error to the district court's decision to make downward departures in Malcolm's sentence for aberrant behavior and diminished capacity.

A district court's decision to depart from the Federal Sentencing Guidelines is reviewed for abuse of discretion. *See United States v. Sablan*, 114 F.3d 913, 916 (9th Cir.1997) (en banc) (citing *Koon v. United States*, 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon*, 518 U.S. at 98, 116 S.Ct. 2035 (citation omitted). "That a departure decision, in an occasional case, may call for a legal determination does not mean, as a consequence, that parts of the review must be labeled de novo while other parts are labeled an abuse of discretion. The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* at 100, 116 S.Ct. 2035 (citation omitted).

■ First, the government assigns error to the downward departure for aberrant behavior, arguing that Malcolm's criminal conduct does not meet the requirements set forth in the Federal Sentencing Guidelines: "'Aberrant behavior' means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding-abiding life." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5K2.20, cmt. n. 1 (2000). Malcolm had one criminal history point, based on a misdemeanor theft conviction. Also, the district court credited testimony that Malcolm had confessed to a recent, similar act of drug smuggling. (Malcolm was not charged with that prior act.) The court nevertheless found that "in the overall scheme of her real life this [criminal behavior] is a departure from what her life had been." The aberrant behavior departure is not limited to persons with *no* criminal history. U.S.S.G. § 5K2.20(4) (stating that the court may not depart on the basis of aberrant behavior if the defendant has more than one criminal history point). While support for the departure is dubious, we will not characterize it as an abuse of discretion.

Second, the government claims that the district court erred when it granted a downward departure for diminished capacity. "'Significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13, cmt. n. 1. The only evidence presented by Malcolm that she qualified for this downward departure was a three-sentence letter from her treating psychiatrist stating that Malcolm suffers from "an anxiety disorder

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(panic disorder with agoraphobia)." [1] Malcolm's treating psychiatrist did not testify. Moreover, the clinical psychologist who evaluated Malcolm for sentencing purposes found that Malcolm's mental capacity was not reduced and that she was probably misrepresenting the extent of her psychological problems. At the June 28, 2001 sentencing hearing, the district court had the conflicting reports of the two experts. The court commented that "[i]f you end up with two competing documents, one criticizing the other, then ... the defendant hasn't carried his burden in terms of proving diminished capacity." The court then continued the sentencing hearing in order to allow Malcolm to gather and present additional evidence.

At the July 9, 2001 sentencing hearing, the evidence before the court was materially identical to the evidence at the first sentencing hearing. Although the district court again acknowledged the inconsistency ("Her psychiatrist says she has mental problems. The other psychiatrist says she is malingering."), it allowed a two level downward departure for diminished mental capacity, without any explanation.

■ A district court is required to articulate the reasons for its decision to depart and for the extent of the departure. *See United States v. Working*, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc) "The requirement that the district court explain its reasons for assigning a departure ... is indispensable to furthering the fundamental goal of the Sentencing Reform Act, which is to place federal sentencing on an objective, uniform, and rational (or at least articulable, nonintuitive) basis." *Id.* (citation and internal quotation marks omitted). The record here does not reveal how an anxiety disorder would significantly impair Malcolm's ability to "understand the wrongfulness of [her] behavior," "exercise the power of reason," or "control behavior that [Malcolm] knows is wrongful." U.S.S.G. § 5K2.13, cmt. n. 1. Accordingly, we remand to the district court to provide an adequate evidentiary basis for the downward departure for diminished capacity.

REVERSE and REMAND.

---

**1.** The letter also states that Malcolm "has some depression in reaction to current problems," but this is not relevant for sentencing purposes since it appears that the depression is a symptom of her arrest and prosecution. The letter also states that Malcolm "has alcohol abuse problems in remission." This is irrelevant for two reasons: if the problem is in remission, it is not clear how, if at all, it affected her when she committed the crime. Second, the Sentencing Guidelines specifically prohibit a departure for diminished capacity if "the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." U.S.S.G. § 5K2.13.